OPINION OF THE COURT
NYGAARD, Circuit Judge.
Ronell Smith appeals, arguing that the District Court erred by denying his motion to withdraw his guilty plea which was made as part of a plea agreement. Because our opinion is wholly without prece-dential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will dismiss this appeal.
At the plea hearing, the District Court conducted a proper colloquy with Smith, inquiring about his understanding of the criminal charge and the applicable sen *636 tencing range. The District Court also ensured that Smith understood that his sentence would be given later after review of the presentence report and other documents, and that he would not be able to appeal the sentence. The District Court then ascertained that Smith read the plea agreement with counsel, and confirmed that the plea agreement expressed the entire bargain between the government and himself. Smith attested that he signed the plea agreement voluntarily, free of any coercion. After this, Smith’s attorney stated that Smith signed the document knowingly and voluntarily. Finally, Smith declined the opportunity to ask any further questions. After all of this, Smith pleaded guilty to the charge of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. The District Court later sentenced Smith as a career offender to a term of 262 months imprisonment.
From all of this we conclude that, through his plea agreement, Smith knowingly and voluntarily waived his right to appeal. While we have jurisdiction, it has been our practice to refrain from exercising it except where it would result in a miscarriage of justice. U.S. v. Shedrick, 493 F.3d 292, 297 (3d Cir.2007). For the above stated reasons, we will dismiss this appeal.